JOE ADAMS, Petitioner, v. STATE OF
TENNESSEE, Respondent.—474 S.W.2d 170

August 17, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

Joseph C. Wilson, III, Chattanooga, for petitioner.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Edward E. Davis, District Attorney General, Chattanooga, for respondent.

DWYER, J. The trial court in its finding of fact and conclusion of law after an evidentiary hearing found that the petitioner voluntarily entered his guilty plea which brought about his confinement. The petition was dismissed.

Through court-appointed counsel the contention is made that the trial court erred in dismissing the petition. He contends that petitioner's guilty plea on June 25, 1970, to the offense of burglary in the third degree with resulting punishment of confinement for not less than three nor more than ten years was involuntary as not being entered knowingly and understandingly.

He basically premises this contention on the fact that an habitual criminal count to the burglarly indictment was defective on its face. He reasons that this is corroborated by petitioner's testimony that if he had been properly advised he would not have pled guilty.

In Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, the following language may be found:

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."

The petitioner's allegation here hinges on the proposition that his court-appointed counsel did not properly counsel him as to whether the habitual criminal count was defective. This allegation was raised after appointment of counsel in an amendment to the petition. He (counsel) contends that the habitual criminal count was bad, which then comes down to the question of whether petitioner was aware that the habitual criminal count may have been defective when he entered his plea. The record reflects that petitioner testified that if he had known that the indictment was defective he would not have pled guilty. The record reflects further that petitioner entered his guilty plea in order to escape possible confinement for life on the habitual criminal count. This, in substance, commits his contention, as we view it, within the holdings found in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed. 2d 747, which teaches that a guilty plea is not rendered involuntary when motivated by a desire to escape the death penalty. Is not this a fair summation of petitioner's contention in this record? We think so and so hold.

We note that court-appointed counsel at the guilty plea hearing from the exhibits filed, conveys to us that he was diligent in his representation of petitioner by the various motions he filed in his behalf.

We also note that this is not, as counsel urges, a silent record as defined in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. There are to be found waiver forms, executed by petitioner and petitioner's attorney which repudiate petitioner's uncorroborated. testimony in this record that he was not properly advised. In this court counsel cites Bailey v. MacDougall, 392 F.2d 155 (4th Cir.), which, as we read that case, is readily distinguishable from the facts found in this record. In that case there was proven that a promise was made to Bailey in writing that the prosecutor and the chief of police would go before the pardon and parole board on Bailey's behalf after he had served ten years of a life sentence. We have no situation of that kind in this record. He further is saying the judgment of his counsel at the guilty plea hearing he now thinks was bad. We disagree. We do not feel that petitioner should be allowed to, as he requests, second-guess the judgment of counsel. To allow this, no plea would ever be secure. He was fully aware of his plea and its consequences. The trial court found such to be so at the hearing. From our review, we find no reason to disagree. The burden is upon petitioner to prove his allegations. See State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232. We hold he has failed to do this.

The judgment of the trial court is affirmed.

We thank court-appointed counsel for ably representing an indigent accused.

Mitchell, J., concurs.

Galbreath, J., (concurring).

I concur in Judge Dwyer's opinion.

The petitioner says in effect that his court appointed attorney was totally ineffective in his representation because he advised the petitioner to plead guilty to a charge of burglary to escape possible conviction as an habitual criminal when in fact no possibility of such conviction confronted him. No threat existed the petitioner might have received a life sentence as an habitual criminal, it is contended on this appeal, because the habitual criminal indictment was defective on its face; therefore any motivation to plead guilty to escape a nonexistent danger was not a product of free will so as to meet the test of voluntariness that such pleas must in order to be binding.

The fallacy of the position urged on us by the appellant is that there appears to be nothing defective with the indictment in the record charging the petitioner as the defendant therein with being an habitual criminal under the provisions of T.C.A. sec. 40-2801 et seq. Said indictment avers that the defendant had been convicted of serious specified felonies on four different occasions in the past, two burglaries in Hamilton County in 1963 and 1966, a 1965 burglary in Troup County, Georgia, and a Cutting to Wound charge in Lorain County, Ohio, in 1946, which would be equivalent to a conviction under T.C.A. sec. 39-610 in this State. The unique position of the appellant is that, since no three of the past felony convictions occurred in either Tennessee or any other State, the requirements of the act could not have been satisfied since it provides:

T.C.A. sec. "40-2801 . . . Any person who has either been three (3) times convicted within this state of

felonies, not less than two (2) of which are among those specified in secs. 39-604, 39-605, 39-609, 39-610, 39-3708 or 40-2712, or were for a crime punishable by death under existing law, but for which the death penalty was not inflicted, or who has been three (3) times convicted under the laws of any other state, government or country of crimes, not less than two (2) of which, if they had been committed in this state, would have been among those specified in said secs. 39-604, 39-605, 39-609, 39-610, 39-3708 or 40-2712, or would have been punishable by death under existing laws, but for which the death penalty was not inflicted, shall be considered, for the purposes of this chapter, and is declared to be an habitual criminal . . .''

No authority is cited by counsel for petitioner to support his position, which I believe should be emphatically rejected. Surely a person who commits two crimes in Tennessee and two separate crimes in two other States meets the test of incorrigibility as much as would a felon who confined all his activity to one State. In Brown v. State, 186 Tenn. 378, 210 S.W.2d 670, the Supreme Court approved a conviction under the Act on proof that the defendant, convicted for assault with intent to carnally know a child, had previously been convicted in Utah for larceny, Missouri for robbery and a United States District Court in Alabama for violation of the White Slave Act.

It appears to me that the attorney who counseled with the petitioner to avoid prosecution as an habitual criminal in exchange for an honest admission of guilt to the crime of burglary rendered competent service. If

we were to hold otherwise and void the plea of guilty and grant a new trial, one wonders what the position of the petitioner would be if he then was tried and convicted not only as a burglar, but on the habitual criminal indictment which, if the averments of past felony convictions are sustainable, could result in a sentence of life imprisonment.