**Johnny Brownlow MILLER,
Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 7, 1973.

Certiorari Denied by Supreme Court
April 15, 1974.

Lewis Taylor, Elizabethton, for plaintiff in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Lewis W. May, Jr., Dist. Atty. Gen., Mountain City, for defendant in error.

## OPINION

OLIVER, Judge.

Johnny Brownlow Miller, an inmate of the State Penitentiary where he is serving concurrent terms of one, three and three years, respectively, adjudged in the Criminal Court of Johnson County upon his pleas of guilty in three cases of receiving and concealing stolen property, in all of which he was represented by appointed counsel, appeals to this Court from the judgment of that court dismissing his petition for post-conviction relief after an evidentiary hearing.

In entering judgment in each of those three cases, the court also ordered them to be served concurrently, and also concurrently with a sentence adjudged in an earlier concealing-stolen-property case which was at that time on appeal to this Court and was reversed and remanded for a new trial.

In his present petition filed under the Post-Conviction Procedure Act (T.C.A. § 40–3801 et seq.), in which he is represented by appointed counsel, he attacked his three above-mentioned guilty plea convictions upon the grounds (1) he was interrogated by police officers and a member of his family at the request of the State's attorney without being advised concerning his constitutional rights and without counsel, (2) he was arrested illegally without an arrest warrant and property in his possession was seized without a search warrant, (3) the State's attorney threatened him with an habitual criminal charge if he did not enter guilty pleas in the three pending cases, and (4) the trial court erred in accepting his guilty pleas in the three cases because the indictment in each of them charged him with receiving and concealing stolen property and "it has to be either receiving or concealing since they are distinct and separate offenses and must be dealt with accordingly."

After an evidentiary hearing upon this petition, the trial court found (1) the petitioner voluntarily and knowingly entered his pleas of guilty, without any threats or promises, and (2) that before the evidence was presented counsel stated Miller was pleading guilty to receiving stolen property. The court dismissed the remaining allegations as stating no ground for relief.

At the evidentiary hearing the petitioner testified that his appointed trial counsel told him if he pleaded guilty in the three pending cases the sentences in those would run concurrently and also concurrently with his sentence in the former case which was then on appeal, and that if the latter was reversed the other convictions would be overturned; that the State's attorney also told him the three sentences would run concurrently with the one on appeal, and that if he did not plead guilty an habitual criminal charge might be involved; and that he did not remember the prosecution stating he would have to serve three years regardless of the outcome of his appealed case.

The petitioner's trial attorney testified that after Miller's first conviction of receiving stolen property, the District Attorney General approached him and said the defendant had stated he wanted to discuss the three pending charges, and that he told Miller he could not discuss them unless his attorney was present; that he, the District Attorney General and Miller discussed the cases twice, and that he talked with him (Miller) on two or three other occasions; that he told the petitioner he believed his first conviction would be reversed. This attorney further testified he was certain he did not tell the petitioner his convictions in the three pending cases would be overturned if the former conviction was reversed on appeal; and that he was also certain he advised Miller that he was willing to try the cases.

The District Attorney General testified that either the petitioner or one of the other prisoners in the jail yelled at him once as he was passing by and asked him to come to the jail; that he did so and the petitioner asked him what he was willing to do about the other cases, and he told him he would not discuss those matters in the absence of his attorney; that the petitioner said, "Well, I'd like to talk about a plea in these cases, discuss it with you" and "I'm afraid of the Habitual Criminal Act"; that he believed he told the petitioner that under the rules of evidence in regard to the Habitual Criminal Act the four crimes would only be counted as one offense and not as four separate offenses, since they happened "in such close sequence"; that he was personally opposed to the Habitual Criminal Act and had never tried or threatened anyone with prosecution under it; and that in the conference with Miller and his trial counsel, he told Miller he would get three years in the penitentiary regardless of the outcome of his appealed case.

The foregoing demonstrates that in his testimony the petitioner attempted to raise a ground of attacking his convictions which was not alleged in his petition.

That is, that to induce and persuade him to enter guilty pleas in the three pending cases his trial counsel and the District Attorney General told him his convictions in those three cases would be set aside if his earlier case then on appeal should be reversed.

By his first Assignment of Error here he complains that the trial court erred in not holding that his three guilty pleas were involuntary because induced by promises of freedom if the case on appeal should be reversed. It is unquestionable that a post-conviction petitioner limits the inquiry to the questions he raises therein. As in other civil actions, he cannot allege one case and prove another; he can rise no higher than the averments set out in his petition; no relief can be sought or given upon grounds not raised therein. A habeas corpus or post-conviction petition must necessarily rest upon and be determined by the factual allegations it contains. Without such rules of orderly procedure a trial degenerates into chaos. This is the clear undergirding principle of the established rule that an evidentiary hearing is not required and no relief can be granted in a post-conviction case when the petition states no ground for relief. Carvin v. State, 2 Tenn.Cr.App. 220, 452 S.W.2d 681; Floyd v. State, 2 Tenn.Cr.App. 250, 453 S.W. 2d 418; Porter v. State, 2 Tenn.Cr. App. 437, 455 S.W.2d 159; Guy v. State, Tenn.Cr.App., 470 S.W.2d 28; Crumley v. Tollett, Tenn.Cr.App., 474 S.W.2d 148; Arthur v. State, Tenn., 483 S.W.2d 95; T. C.A. § 40–3809.

We turn next to the petitioner's allegation in which he implies that his guilty pleas were void because the indictments in those cases charged both receiving and concealing stolen property and the trial judge should not have accepted the single plea to such indictments.

It is true that receiving and concealing stolen property are separate and distinct offenses. Deerfield v. State, 220 Tenn. 546, 420 S.W.2d 649; 76 C.J.S. Re-

ceiving Stolen Goods § 7, p. 10. But it is also true that an indictment is not void because it charges both offenses. Moore v. State, 1 Tenn.Cr.App. 190, 432 S.W.2d 684.

In each of the petitioner's cases the indictment charged the receiving and concealing in separate counts. In two of the indictments the value of the property involved was alleged to be more than $100, and in the other one the value was alleged to be under $100. Therefore, in the first two indictments *each count* charged an offense punishable by not less than three nor more than ten years in the penitentiary. T.C.A. § 39–4217. And the other indictment charged an offense in *each count* punishable by not less than one nor more than five years in the penitentiary. T.C.A. § 39–4218.

■ But the trial judge only sentenced the petitioner to one minimum sentence under each of the three indictments. He was not sentenced under both counts of either of the three indictments. Thus, being convicted and given the minimum statutory sentence upon only one count in each indictment, obviously there is no basis for his claim that his guilty plea in each of the three cases was void because it did not relate specifically to a single count in the indictment. If that had been done, his sentence in each of the three cases could not have been less than the legal minimum which he received.

■ In a habeas corpus or post-conviction proceeding, the burden is on the petitioner to prove his allegations attacking the validity of his conviction. Bratton v. State, Tenn.Cr.App., 477 S.W.2d 754;

Morgan v. State, 1 Tenn.Cr.App. 454, 445 S.W.2d 477; State ex rel. Lawrence v. Henderson, 1 Tenn.Cr.App. 199, 433 S.W. 2d 96; Shepard v. Henderson, 1 Tenn.Cr. App. 694, 449 S.W.2d 726; State ex rel. Carroll v. Henderson, 1 Tenn.Cr.App. 427, 443 S.W.2d 689.

■ There is a presumption that in entering pleas of guilty, court-appointed counsel for an accused acts properly and with his knowledge and consent. And the fact that he was represented by competent counsel at the time of entering a guilty plea is a factor which strongly militates against the conclusion that the plea was involuntary. Shepard v. Henderson, supra.

In considering Assignments of Error challenging the correctness of the trial judge's findings and dismissal of the petitioner's petition, we are bound to adhere to the settled rule that the findings of the trial court, upon questions of fact, are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. Such findings of a trial judge in an oral hearing, who sees and hears the witnesses testify, and hears and considers conflicting testimony, will be given the weight of a jury verdict. Bratton v. State, supra, and cases therein cited.

■ This record amply sustains the finding of the trial judge that the guilty pleas entered by the petitioner in the three cases he attacks were voluntarily and understandingly entered without any threats or coercion or promises.

Affirmed.

DWYER and RUSSELL, JJ., concur.