Roy Lee SHERROD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

March 16, 1978.

Certiorari Denied by Supreme Court
June 26, 1978.

Edward G. Thompson, A. Kemp Stallings, and Danny T. Ferguson, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Jerry T. Stauffer, Asst. Dist. Atty. Gen., Memphis, for appellee.

RUSSELL, Judge.

## OPINION

Roy Lee Sherrod has appealed the order of the trial court overruling his motion to vacate his pleas of guilty to two counts of rape, one count of robbery with a deadly weapon, and one count of robbery. Sherrod's trial on one of the rape counts and the armed robbery count was under way when he elected to change his pleas on all four counts from not guilty to guilty. In the judgment below, in addition to being rendered infamous, the appellant was sentenced to 27 years in the State penitentiary for each of the rapes, 27 years for the armed robbery, and 10 to 15 years for the robbery, all of the sentences to be served concurrently. For reasons hereinafter stated, that judgment is affirmed.

The appellant's motion to vacate his guilty pleas was based on two assertions: (1) The pleas were not knowingly and voluntarily entered and (2) Sherrod could, if his motion were granted, present exculpatory witnesses about whom he had not told his attorney before entering the guilty pleas.

The burden is upon the appellant to prove his allegation that his guilty pleas were not knowingly and voluntarily entered. *Adams v. State,* 474 S.W.2d 170 (Tenn.Cr.App.1971). In an effort to meet that burden, Sherrod has presented only his uncorroborated testimony at the hearing on his motion that he had not understood that by pleading guilty he was waiving his right to an appeal. That testimony is belied by the fact that this record contains a waiver, signed by the appellant, which, among other things, indicates that Sherrod knew that the right to an appeal is waived by the

entry of a guilty plea. The waiver had been explained to Sherrod by both his appointed attorney and the trial court. At the conclusion of the hearing on the appellant's motion, the trial court found as a matter of fact that the guilty pleas had been knowingly and voluntarily entered. Upon this record, we cannot find that the evidence preponderates against the trial court's finding. *See Miller v. State,* 508 S.W.2d 804 (Tenn.Cr.App.1973).

Having found that the appellant's guilty pleas were knowingly and voluntarily entered, we need not reach his argument concerning new witnesses. *Shaw v. State,* 457 S.W.2d 875 (Tenn.Cr.App.1970). However, inasmuch as the record shows that these witnesses were known to Sherrod before his trial began and that he had made no effort to obtain their testimonies, he would not be entitled to a new trial even in the absence of his guilty pleas. *Hawkins v. State,* 220 Tenn. 383, 417 S.W.2d 774 (1967).

The judgment of the trial court is affirmed.

SAM L. LEWIS and FRED GILLIAM, Special Judges, concur.