IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STEVEN MASON, | ) | NO. 01C01-9610-CC-00428 |
| | ) | |
| Appellant. | ) | |
| | ) | MAURY COUNTY |
| V. | ) | |
| | ) | HON. JIM T. HAMILTON, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee | ) | (Post-Conviction) |
| | ) | |

For the Appellant:

Hershell Koger
135 North First Street
P.O. Box 1148
Pulaski, TN 38478

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493


T. Michael Bottoms
District Attorney General
P.O. Box 459
Lawrenceburg, TN 38464

Robert C. Sanders
Assistant District Attorney
Maury County Courthouse
Columbia, TN 38401

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Steven Mason, appeals as of right the trial court's dismissal of his petition seeking post-conviction relief. He contends that the trial court was in error in concluding that he had received the effective assistance of counsel in his underlying felony. Following our review of the record on appeal, we affirm the judgment of the trial court

On March 13, 1992, as a result of a plea bargain agreement, the appellant pled guilty to three counts of robbery and two counts of attempted robbery in the Maury County Circuit Court. Earlier, he had entered a plea of guilty to one count of robbery in Williamson County, Tennessee, and had received an eight year sentence for that offense. The plea bargain agreement in the Maury County Circuit Court provided that in exchange for his pleas of guilty, the appellant would receive sentences of eight years as a Range I standard offender, with the Maury County sentences being served concurrently with the earlier Williamson County sentence. Thus, the appellant received an effective sentence of eight years in the Tennessee Department of Correction for six felony convictions.

Later, the appellant was convicted of first degree murder and attempted first degree murder. For those offenses, he was sentenced to life imprisonment and sixty years, respectively. Based upon his six previous robbery and attempted robbery convictions, the appellant was sentenced as a career offender. See Tenn. Code Ann. § 40-35-108 (1990 Repl.). In an effort to rid himself of his career offender status, the appellant filed this post-conviction relief petition. In his post-conviction petition, the appellant alleged that he had received the ineffective assistance of counsel in that his trial counsel had inadequately investigated the charges against him, had failed to interview witnesses, was not prepared for trial, and had failed to file proper pretrial motions. At the evidentiary hearing, however, the appellant's testimony centered on his complaint that his trial counsel had failed to advise him that if he pled guilty to the

2

three robberies and two attempted robberies, he would thereafter be considered a career offender and required to serve sixty percent of a new sentence for any subsequent felony conviction. Significantly, however, the appellant did not testify, nor allege in his petition, that had he been so advised, he would not have pled guilty and would have insisted on going to trial. The appellant failed to demonstrate how any defect in his counsel's advice caused him prejudice in the proceedings.

The appellant's former attorney testified at the evidentiary hearing that he specifically advised the appellant, prior to his guilty pleas, that if the appellant received any subsequent criminal convictions, then the guilty pleas would be used against him. He testified that he told the appellant, "[t]his will be used to enhance any sentence you may get in the future." He admitted, however, that he did not specifically advise the appellant that he would be sentenced for future felony convictions as a career offender.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In reviewing the appellant's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney were within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S. Ct. 2052, 2064, 2067-68, 80 L. Ed. 2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). In this case, to satisfy the requirement of prejudice, the appellant would have had to demonstrate a reasonable probability

3

that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The appellant's petition for post-conviction relief fails for two reasons. First, the only issue the appellant raises on appeal is his claim that his trial counsel was ineffective for failing to advise him on his career offender status as a result of his guilty pleas. However, that claim of ineffectiveness was not raised in the appellant's petition seeking post-conviction relief. Post-conviction petitions are heard upon the issues raised by the pleadings, and no relief can be granted upon grounds not raised therein. State v. Smith, 814 S.W.2d 45, 49 (Tenn. 1990); Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974); Miller v. State, 508 S.W.2d 804, 806 (Tenn. Crim. App. 1973). Although the petition filed in this case alleged that the appellant's trial counsel had been ineffective, the petition did not allege that he was ineffective for failing to advise the appellant regarding his eligibility for career offender status should he plead guilty to the robbery offenses. Therefore, that claim of ineffectiveness was not raised by the pleadings.

Secondly, even assuming, *arguendo*, that appellant's trial counsel was somehow ineffective for failing to advise the appellant that he would be considered a career offender for any subsequent felony convictions, the appellant failed to testify that had he been given that advice, he would not have entered his guilty pleas. Therefore, the record on appeal in this case does not show that the appellant suffered any prejudice to warrant post-conviction relief.

Based upon the foregoing, the judgment of the trial court is affirmed.

                                                       _____

                                                       William M. Barker, Judge

Concur:

_____

John H. Peay, Judge

_____

Jerry L. Smith, Judge