IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION



FILED

January 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM PERRY THOMPSON,  )
                          )
        Appellant,        )        No. 03C01-9611-CR-00395
                          )
                          )        Johnson County
v.                        )
                          )        Honorable Lynn W. Brown, Judge
                          )
HOWARD CARLTON, WARDEN,)          (Writ of Habeas Corpus)
AND STATE OF TENNESSEE,   )
                          )
        Appellees.        )


For the Appellant:

William Perry Thompson, Pro Se
N.E.C.C. #143559
P.O. Box 5000
Mountain City, TN 37683

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Sandy R. Copous
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The petitioner, William Perry Thompson, appeals as of right from the dismissal of his petition for habeas corpus relief by the Johnson County Criminal Court for failure to state a cause of action upon which relief could be granted. The petitioner is presently in the custody of the Department of Correction serving his sentences for his 1989 and 1990 convictions upon his entry of guilty pleas for third degree burglary, grand larceny, and receiving and concealing stolen property. On appeal, the petitioner contends that his convictions are void because the indictments are fatally defective in that (1) the district attorney's signature does not appear on each count of the indictments, (2) the counts of the indictments do not contain a caption stating the county and the state in which the offenses occurred, and (3) each indictment is not properly endorsed as a true bill and signed by the grand jury foreperson. The petitioner also contends that the trial court erroneously dismissed the petition without allowing the state to respond and improperly permitted the indictments to include different classes of offenses in a single indictment. We conclude that the trial court properly dismissed the petition.

In his pro se petition for a writ of habeas corpus, the petitioner contends that he is being illegally restrained of his liberty because the indictments were not sufficiently signed by the district attorney, because there was not a sufficient number of grand jury members to find a true bill, that the captions were insufficient to support proper indictments, and the court was without jurisdiction because the offenses took place in another county. The petitioner also asserted that his sentences were excessive and prejudicial. The petitioner did not include copies of the indictments at issue.

2

On the same day that the petitioner filed his petition, the petitioner filed several motions to dismiss the indictments on grounds that each count of the indictments did not contain the district attorney's signature and that the indictments were not properly signed and endorsed as being a true bill by the jury foreperson. The petitioner also filed a motion to clarify the grounds for his petition for writ of habeas corpus relief.

Before the state's response to the petition was filed, the trial court dismissed the petition. The trial court concluded that the petition failed to state a claim upon which relief could be granted.

Subsequently, the state supplemented the record with certified copies of the indictments at issue. The multiple-count indictments do not include the district attorney's signature at the end of each count, but rather the signature of the district attorney appears at the end of the last count of each indictment. The spaces for the district attorney's signatures are left blank and a line has been drawn through the notation "Charles E. Hawk District Attorney General" on the remaining pages of each indictment. Also, at the beginning of each of the indictments, a caption setting forth the county and the state appears.

When a petitioner is being held pursuant to a judgment of conviction, habeas corpus relief is available only when it can be shown that the judgment is void or the sentence has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In this respect, before a judgment can be declared to be void, "the judgment itself or the record of the proceedings, standing alone, must show a want of jurisdiction . . . ." Passarella v. State, 891 S.W.2d 619, 628 n.49 (Tenn. Crim. App. 1994).

We agree with the trial court's decision that the petitioner failed to state grounds upon which relief could be granted. Claims regarding defects in the indictment must be raised before trial, unless the claim relates to the trial court's lack of jurisdiction or failure to charge an offense. The district attorney's or grand jury foreperson's failure to endorse or sign the indictment does not deprive the trial court of jurisdiction, and the failure to raise the issues before trial constitutes a waiver of the issue pursuant to Rule 12(b)(2), Tenn. R. Crim. P. State v. Roy Danny Mayo, No. 01C01-9308-CC-00287, Cheatham County, slip op. at 5 (Tenn. Crim. App. Oct. 20, 1994) (citing Applewhite v. State, 597 S.W.2d 328 (Tenn. Crim. App. 1979) ("foreman's signature has come to be viewed as 'a procedural safeguard rather than a substantive requisite of an indictment,'" and complaints regarding the lack of the foreperson's signature are waived if not raised pretrial).[1]

Likewise, the petitioner's contentions that the indictments do not contain an appropriate caption indicating the county and the state where the offenses occurred and that different classes of offenses are contained in a single indictment do not present grounds for habeas corpus relief as they relate to nonjurisdictional defects in the indictment not raised before trial. See Mitchell v. State, 16 Tenn. 514, 528 (1835) (caption is not part of the indictment but is a formal statement of the proceedings that appears before the introduction of the indictment); Miller v. State, 508 S.W.2d 804, 807 (Tenn. Crim. App. 1973) (indictment not void because indictment charged separate and distinct offenses). Therefore, the trial court correctly determined that the petitioner's allegations were not proper grounds for habeas corpus relief. Under these circumstances, the trial court's dismissal of the petition without requiring the state to respond was proper.

---

[1] We note that the petitioner conceded in his supplemental brief the issue relating to the indictments not being properly endorsed or signed by the grand jury foreperson. We agree that the grand jury foreperson's signature appears on each of the indictments indicating that a true bill was found by the jury.

4

The petition fails to state a claim for which a writ of habes corpus should issue. Therefore, the judgment of the trial court is affirmed.


_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Curwood Witt, Judge