IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2003

## RAYMOND RUTTER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 4175     Lynn W. Brown, Judge**

_____

### No. E2003-01386-CCA-R3-PC

_____

The petitioner, Raymond Rutter, appeals as of right from the Johnson County Criminal Court's dismissal of his petition for habeas corpus relief. In this <u>pro se</u> appeal, the petitioner contends that he should be granted habeas corpus relief because his judgment of conviction for criminal impersonation of a licensed professional is void. The state contends that the trial court properly dismissed the petition. We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Raymond Rutter, Mountain City, Tennessee, <u>pro se</u>.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and J. Brad Scarbrough, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 1, 2002, the petitioner pled guilty to criminal impersonation of a licensed professional, a Class E felony. The Carter County Criminal Court sentenced the petitioner to eight years, to be served as two years in the Department of Correction, the remainder on probation. On September 18, 2003, this court denied the state's request to dismiss this habeas corpus petition by order pursuant to Rule 20, Tenn. Ct. Crim. App. R. <u>See Raymond Rutter v. Howard Carlton and State</u>, No. E2003-01386-CCA-R3-PC, Johnson County (Tenn. Crim. App. Sept. 18, 2003) (order). The gist of the petitioner's claim on appeal is that his sentence for criminal impersonation of a licensed professional is void because (1) the presentment was defective and (2) his double jeopardy rights were violated.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition for the writ of habeas corpus may only be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. "If the face of the record shows that the court did not have jurisdiction, then the judgment is void." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Thus, we examine the record to determine whether it is void.

The petitioner pled guilty to the charge of criminal impersonation of a licensed professional. The petitioner first asserts that his conviction is void because the presentment failed to allege that he did not have the requisite license and, therefore, he was not given notice of the charges against him. T.C.A. § 40-13-202 provides:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

The presentment in the petitioner's case states that the petitioner committed "the offense of impersonation of a licensed professional by knowingly practicing a profession for which a license certifying the qualifications of such individual is required, a class E felony, in violation of Tennessee Code Annotated 39-16-302, and against the peace and dignity of the State of Tennessee." The reference to the unlawful practice of a profession statute, T.C.A. § 39-16-302, gave the petitioner sufficient notice of the charge. See State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999); State v. Miller, 508 S.W.2d 804, 806 (Tenn. Crim. App. 1973). Because the presentment sufficiently alleges the offense of criminal impersonation of a licensed professional, the trial court had jurisdiction to accept the petitioner's guilty plea to the charge, and the petitioner's conviction is not void because of a defective presentment.

The defendant next contends that the trial court erred in dismissing his petition because his double jeopardy rights were violated when he was convicted of criminal impersonation of a licensed professional. He argues that because he was previously charged with digging wells without a license in the Carter County General Sessions Court and the case was dismissed, his conviction for criminal impersonation of a licensed professional in the Carter County Criminal Court violates double jeopardy. The state claims that the petitioner has waived the issue of double jeopardy and that it is not properly before this court.

In State v. Rhodes, this court held that "the question of whether the Double Jeopardy Clause of either the state or federal constitution [is implicated] was not waived by the defendant's entry of or the trial court's acceptance of the guilty pleas." 917 S.W.2d 708, 711 (Tenn. Crim. App. 1995). In Rhodes, we relied on Menna v. New York, in which the United States Supreme Court reversed,

per curiam, a state court decision that a guilty plea waived a double jeopardy claim. 423 U.S. 61, 62, 96 S. Ct. 241, 242 (1975). In United States v. Broce, 488 U.S. 563, 574-76, 109 S. Ct. 757, 765-66 (1989), the Supreme Court clarified that a double jeopardy claim may be waived, but a mere guilty plea does not automatically constitute a waiver when the claim is apparent from the face of the record.

However, we note that this court has stated that a double jeopardy claim "is not cognizable in a habeas corpus proceeding." Mathis Martin v. State, No. 03C01-9801-CR-00013, Davidson County, slip op. at 9-10 (Tenn. Crim. App. March 30, 1999). This court has stated that "an allegation of double jeopardy . . . does not render a conviction void, but merely voidable. " William A. Ransom v. State, No. 01C01-9410-CR-00361, Davidson County, slip op. at 5 (Tenn. Crim. App. Sept. 20, 1995); see also Ralph Phillip Claypole v. State, No. M1999-02591-CCA-R3-PC, Davidson County, slip op. at 3 (Tenn. Crim. App. May 16, 2001).

In any event, it is not apparent from the face of the record in the present case that a double jeopardy violation occurred. The docket sheet, which is the only information on the general sessions case in the record, does not reflect the basis for the general sessions court's dismissal of the case. In this respect, it is impossible to determine from the record whether jeopardy even attached. We conclude that the petitioner's conviction for impersonation of a licensed professional is not void. The trial court's dismissal of the petition without an evidentiary hearing was proper.

In consideration of the foregoing and the record as a whole, we affirm the trial court's dismissal of the petition for post-conviction relief.

_____
JOSEPH M. TIPTON, JUDGE

-3-