W.J. Michael Cody, Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Edgar H. Peterson, Asst. Dist. Atty., Memphis, for appellee.

**Jeffery DORTCH, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 13, 1985.

Permission to Appeal Denied, Jan. 27, 1986.

OPINION

TATUM, Judge.

This is an appeal from a judgment denying post-conviction relief. The appellant, Jeffery Dortch, pled guilty in the Criminal Court of Shelby County to the offense of aggravated rape. He was sentenced to a term of twenty years in the State penitentiary as a Range I, Standard offender. On this appeal, the appellant contends that his guilty plea was involuntary and unintelligent, and that he received ineffective assistance of counsel. We find no merit in

the issues and therefore affirm the judgment of the trial court.

The issue alleging that the appellant's guilty plea was "uninformed, unintelligent and involuntary" is based upon a misunderstanding by the appellant of the effect of entering a guilty plea pursuant to the case of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In that case, the United States Supreme Court ruled that there was no constitutional error in accepting a guilty plea which contained a protestation of innocence when the defendant had intelligently concluded that his interests required entry of a guilty plea and the record before the judge contained strong evidence of actual guilt.

At the proceeding in which the appellant's guilty plea was entered and subsequently accepted by the trial court, the following colloquy between the trial judge and the appellant took place:

"THE COURT: For the record, to make sure that the guilty plea is voluntary and that you are not making it under any pressure. As I understand it from, I believe Mrs. Gardner, you are maintaining,—in fact you are pleading guilty. But, you are really maintaining that you are innocent?
A. Yes, sir.
THE COURT: Is that right?
A. Yes, sir.
THE COURT: But, apparently after talking this whole matter over with your lawyer you are of the opinion that it would probably be in your best interest to go ahead and plead guilty. Does that sum up your feelings of motivation behind your guilty plea?
A. Yes, sir."

\* \* \* \* \* \*

"THE COURT: Okay. If you went to trial the jury would simply listen to the proof and if they found that the State has carried its burden beyond a reasonable doubt and to a moral certainty they would simply determine what offense of which you were guilty. If you were guilty as charged then you would come back in at a separate time and have a sentencing hearing. Did Mr. Moore go into all of that with you?
A. Yes, Sir.
THE COURT: So, you fully understand from the time that jury selection starts all the way down to the conclusion where sentence would be imposed in case that you are found guilty. You understand all of that?
A. Yes, Sir."

\* \* \* \* \* \*

"THE COURT: And, you want to plead guilty as I have inter—along the lines that I have interrogated you, is that right?
A. Yes, Sir."

The appellant testified at the post-conviction hearing that he did not realize that he had pled guilty to the charge of aggravated rape, and would have proceeded to trial if he had known he was pleading guilty. He stated that he "went up under some kind of law called *Alford vs. North Carolina*," with the understanding that he was maintaining his innocence while accepting an offer by the State for incarceration. He also testified that he did not know that he had waived his right to a trial by jury. In response to the question by the trial judge, "What did you think that you were doing?", the appellant answered, "Holding time so my folks could get me another lawyer." The appellant stated that he was not under the influence of any drugs or intoxicants the day his plea was accepted.

The appellant's mother testified at the hearing that it was her understanding from having talked to her son's trial attorney that "whichever it was, guilty or not guilty, he had to do time."

The trial attorney for the appellant testified that he advised the appellant of the difference between pleading guilty and going to trial, and explained the possible consequences, based on the evidence and the applicable law, as to the two alternatives. Based on his twelve years experience as a criminal defense attorney and on his investigation of the case, he recommended that

the appellant accept the State's plea bargain offer. Recognizing the appellant's reluctance to admit, in front of his family, that he had been guilty of vaginally raping a 2½ year old girl, the trial attorney explained to the appellant that it was possible to plead guilty while maintaining his innocence. The attorney explained the difference between a guilty plea and an *"Alford* plea."

Before a Tennessee court can accept a guilty plea, the court must determine that it is voluntarily given by a defendant with understanding of the nature of the plea and its consequences. After the acceptance of a guilty plea, a court may not enter a judgment upon the plea without making such inquiry as shall satisfy it that there is a factual basis for the plea. *Farmer v. State,* 570 S.W.2d 359 (Tenn.Crim.App. 1978); *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977). However, an *"Alford"* plea is not prohibited. A guilty plea may be accepted by the trial judge even when the defendant says that he is innocent so long as there is a factual basis for the guilty plea.

The testimony of the appellant at the guilty plea proceeding evidences his voluntariness in entering the guilty plea, his understanding of his right to proceed to trial on the charge, and his understanding of the punishment to be imposed. The facts as presented to the court and as stipulated to by the appellant satisfy the basis of proof necessary for acceptance of a guilty plea. We find that the appellant has not met his burden of showing that his guilty plea was not knowingly and voluntarily entered. *Sherrod v. State,* 567 S.W.2d 482 (Tenn.Crim.App.1978). This issue is without merit.

The issue stating that the appellant was denied effective assistance of counsel is also meritless. The appellant argues that his trial attorney failed to advise him of all aspects of the case, including the State's proof against him, the elements of the crime, the extent of defense investigation, and the Class X felony law. Furthermore, appellant contends that counsel failed to adequately prepare and research the case. The trial court found the issues in favor of the State. Since the evidence does not preponderate against these findings, they are binding on this court. *Graves v. State,* 512 S.W.2d 603 (Tenn. Crim.App.1973).

It results that the judgment below is affirmed.

WALKER, P.J., and DWYER, J., concur.