IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

May 2000 Session

ANTHONY EWING v. STATE OF TENNESSEE

Appeal as of Right from the Criminal Court for Davidson County

No. 97B-1230    Steve R. Dozier, Judge

No. M1999-01079-CCA-R3-PC - Filed September 20, 2000

On February 12, 1998, the petitioner, Anthony Ewing, entered a best interest guilty plea in the Davidson County Criminal Court to one count of attempt to sell over .5 grams of cocaine, a class C felony. The trial court imposed a sentence of six years incarceration in the Davidson County Workhouse. The trial court further ordered this sentence to be served concurrently with sentences the petitioner was already serving. The petitioner filed a post-conviction petition for relief, alleging that he received ineffective assistance of counsel and that his best interest guilty plea was not made knowingly or voluntarily. The post-conviction court denied the petition, finding that the petitioner had received effective assistance of counsel and that the best interest guilty plea had been made knowingly and voluntarily. The petitioner now appeals the denial of his petition for post-conviction relief. Pursuant to a review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Dwight E. Scott, Nashville, Tennessee, Richard Piliponis, Nashville, Tennessee, for the appellant, Anthony Ewing.

Paul G. Summers, Attorney General and Reporter, Lucian D. Geise, Assistant Attorney General, and Kymberly Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Factual Background**

On the evening of June 8, 1996, undercover police officer Jesse Birchwell and a cooperating individual approached the petitioner for the purpose of buying cocaine. The petitioner and the officer agreed upon a price of two hundred and fifty dollars for the cocaine. The petitioner told the officer that he had to leave to get the cocaine and that he would return in five minutes. Police executed a warrant authorizing a search of the premises before the petitioner could return and deliver cocaine to the officer. A search of the residence revealed a large quantity of what appeared to be cocaine.[1] The petitioner was charged with attempt to sell over .5 grams of a substance containing cocaine, attempt to deliver over .5 grams of a substance containing cocaine, possession with intent to sell over .5 grams of a substance containing cocaine, and possession of drug paraphernalia with intent to use.

The petitioner, represented by counsel, entered a best interest guilty plea to one count of attempt to sell over .5 grams of cocaine. Pursuant to the plea agreement, the petitioner was sentenced to six years incarceration in the Davidson County Workhouse as a Range I offender with thirty percent release eligibility. The trial court further ordered that this sentence be served concurrently with sentences the petitioner was already serving for previous convictions. The State agreed to dismiss the additional charges against the petitioner. The petitioner filed a petition for post-conviction relief alleging that he had been denied effective assistance of counsel prior to entering his guilty plea and that his best interest guilty plea was not made knowingly and voluntarily. The trial court denied the petitioner's petition for post-conviction relief.

## II. Analysis

Because the petitioner's post-conviction proceedings were initiated after May 10, 1995, the petitioner must prove all factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f)(1997); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). When there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence, that evidence can be said to be clear and convincing. Id. On appeal, this court is bound by the factual findings of the post-conviction court unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The post-conviction court must solve all questions concerning witness credibility and the weight and value to be accorded to their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Moreover, the findings made by the trial court at an oral hearing, after observing witnesses testify and considering conflicting testimony, will be given the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). Accordingly, an appellate court may not re-weigh or reevaluate the evidence or substitute its inferences for those of the post-conviction court. Williams v. State, No. 03C01-9801-CC-00013, 1999 WL 58608, at *2 (Tenn. Crim. App. at Knoxville, February 9, 1999).

### A. Ineffective Assistance of Counsel

The petitioner argues that he received ineffective assistance of counsel prior to entering a plea of guilty. He claims that his trial counsel failed to interview all available witnesses

---

[1] These facts were taken from the State's version of events at the petitioner's plea hearing. The petitioner claims that he did not attempt to sell cocaine to the police.

and to pursue available avenues of defense. The petitioner also alleges that his trial counsel did not keep him informed about the status of his case and did not explain the consequences of a best interest guilty plea.

This court reviews cases involving mixed questions of law and fact, such as claims of ineffective assistance of counsel, de novo. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). To prove a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner by creating a reasonable probability that the result of the trial is unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In order to determine whether or not counsel's performance was deficient, this court must decide whether counsel's performance was within the range of competence required of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Moreover, when a petitioner alleges that ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that, but for counsel's errors, he would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); see Henderson v. State, No. 02C01-9610-CR-00376, 1997 WL 566053, at *5 (Tenn. Crim. App. at Jackson, September 12, 1997).

The petitioner alleges that "had Mr. Pilliponis (sic) adequately investigated the case and adequately assessed the State's evidence against the [petitioner], there is a reasonable probability that the outcome of the proceedings would have been different." However, the proof presented at the post-conviction hearing demonstrated that trial counsel interviewed at least two police officers involved in the arrest of the petitioner and had numerous conversations with the Assistant District Attorney about the State's case against the petitioner. Additionally, trial counsel reviewed the State's discovery file. Trial counsel also testified that he had several lengthy conversations with the petitioner about possible defenses that could be raised at trial and about the petitioner's constitutional rights. Although trial counsel knew that the petitioner maintained his innocence, he believed that in order to rebut the State's evidence, the petitioner would have to testify. The petitioner did not want to testify because of his extensive criminal record and because he had previously made controlled buys for the police. Trial counsel stated that in his opinion the petitioner had understood their conversations and had agreed to plead guilty.

The petitioner also claims that his trial counsel knew of a State lab report revealing that the white substance the police confiscated from the residence was .1 gram of cocaine mixed with 153.7 grams of some other white substance; therefore the petitioner's trial counsel should have known that the State could not prove that the petitioner was guilty of attempt to sell more than .5 grams of cocaine. However, the petitioner overlooks the fact that he was charged with attempt to sell .5 grams or more of *a substance containing cocaine*, a class C felony. Tenn. Code Ann. §§ 39-17-417(c)(1), 39-12-101, -107(a)(1997)(emphasis added). This court has found that a "substance containing cocaine" would include the weight of any "cutting agent or medium along with the weight of the scheduled substance." State v. Alcorn, 741 S.W.2d 135, 138 (Tenn. Crim. App. 1987). Furthermore, there were several police officers involved in the undercover drug buy who were available to testify against the petitioner. The State could have proven with the lab reports and police

testimony that the petitioner had attempted to sell more than .5 grams of a substance containing cocaine. Moreover, had the petitioner not pled guilty, the State had three additional felony drug charges against the petitioner of which the petitioner ran the risk of being convicted at trial.

The petitioner also claims that because his co-defendant, Edward Jones, confessed to the crimes and stated that the petitioner had nothing to do with the sale of cocaine, his trial counsel should have interviewed Jones and pursued that line of defense. Trial counsel testified at the post-conviction hearing that he did not pursue Jones as a defense witness because he believed that Mr. Jones' past criminal history made him an unreliable witness. See Bell v. State, No. 03C01-9210-CR-00364, 1995 WL 113420, at *16 (Tenn. Crim. App. at Knoxville, March 15, 1995)(failing to pursue a witness of dubious credibility was not ineffective assistance of counsel). Trial counsel determined that, in light of the State's evidence against the petitioner, which included audio tapes implicating the petitioner, it was unlikely that an uncorroborated statement by a co-defendant would have exonerated the petitioner of guilt. This court does not use hindsight to second-guess or criticize trial counsel's strategy or tactics. Turner v. State, No. 02C01-9310-CR-00236, 1994 WL 456337, at *2 (Tenn. Crim. App. at Jackson, August 24, 1994).

Moreover, due to the petitioner's previous criminal history, he qualified as a Range II offender. Tenn. Code Ann. § 40-35-106(1997). The sentence for a Range II offender guilty of a class C felony, such as attempt to sell more than .5 grams of cocaine, is six to ten years incarceration with thirty-five percent eligibility. Tenn. Code Ann. § 40-35-112(b)(3),-501(d)(1997). Pursuant to the petitioner's plea bargain, the trial court sentenced the petitioner to six years incarceration in the Davidson County Workhouse as a Range I offender with thirty percent release eligibility. Tenn. Code Ann. § 40-35-112(a)(3),-501(c). Furthermore, the State dropped the remaining felony charges against the petitioner. The petitioner's trial counsel believed that the plea bargain was to the petitioner's benefit.

Trial counsel testified at the post-conviction hearing that he had interviewed Officer Birchwell, the officer who arrested the petitioner. He also testified that he reviewed the State's discovery file and provided the petitioner with copies of the relevant portions of the discovery. Moreover, trial counsel testified that he discussed the evidence the State possessed, what the State had to prove, and the guilty plea at some length with the petitioner. The post-conviction court chose to credit trial counsel's testimony over that of the petitioner. Notably, the petitioner even stated to the trial court at his plea hearing that he was satisfied with the performance of his trial counsel. Because the post-conviction court was in a better position than this court to evaluate the credibility of the witnesses, and because the evidence does not preponderate otherwise, we are bound by the findings of the post-conviction court. Butler, 789 S.W.2d at 799; see also Henderson, 1997 WL 566053, at *6.

### B. Guilty Plea

The petitioner also argues that his best interest guilty plea was not knowingly and voluntarily entered. The petitioner claims that he would never have entered a best interest guilty plea to attempt to sell cocaine if he had been aware of his constitutional rights, had been advised about

the State's case against him, and if the plea petition and proceeding had been properly explained to him.

To withstand constitutional scrutiny, a petitioner must have made a guilty plea voluntarily, understandingly, and knowingly. Hicks, 983 S.W.2d at 246(citing Boykin v. Alabama, 395 U.S. 238, 244, 89 S. Ct. 1709, 1713 (1969)); see also State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977). This court must look to the following circumstantial factors in determining whether a guilty plea was "knowing" and "voluntary":

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). Moreover, the petitioner must be aware of the direct consequences of his guilty plea, the most obvious of which is the penalty to be imposed. Id.

At the guilty plea hearing, the petitioner repeatedly told the trial court that he understood the charges against him. The trial court informed the petitioner of his right to a jury trial, right to cross-examine witnesses, and the right against self-incrimination. The trial court made the petitioner aware that by entering a best interest guilty plea, he was giving up those rights. The petitioner testified at the plea hearing that he had gone over the plea document with his trial counsel and that he had no questions about it. After saying he was satisfied with his trial counsel, the petitioner expressed his belief that "I thought it could [have] been handled a little better than this." The trial court reminded the petitioner that he had a right to a jury trial. The petitioner responded that he would rather plead guilty. The trial court explained the petitioner's sentence, emphasizing that the petitioner's six year sentence for attempt to sell cocaine was to run concurrently with other sentences the petitioner was already serving and that this conviction could be used to enhance future convictions. The State proceeded to read its version of events. When the trial court asked the petitioner if the State's portrayal of events was accurate, the petitioner replied, "It's not true, sir; but it – ain't nothing I can do about it." The petitioner then entered a best interest plea of guilty to attempt to sell cocaine.

The petitioner claims that he did not understand the meaning of a "best interest" guilty plea. In North Carolina v. Alford, 400 U.S. 25, 37-38, 95 S. Ct. 160, 167-168 (1970), the United States Supreme Court held that a petitioner could enter a guilty plea while still protesting his innocence. In Tennessee, a "best interest" or Alford plea may be accepted by the trial court as long as there is a factual basis for the guilty plea. Dortch v. State, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985).

Even if the trial court, or the petitioner's trial counsel, did not explain to the petitioner the difference between a guilty plea and a best interest guilty plea, the petitioner's decision to plead

guilty is not rendered involuntary. See Hicks, 983 S.W.2d at 247-248. Except for the petitioner's protestation of innocence, a best interest guilty plea is treated like any other guilty plea. Id. This court has found that even if the petitioner had no specific knowledge of what a best interest guilty plea is, the petitioner nonetheless entered a knowing and voluntary guilty plea if the petitioner had the information necessary to understand the consequences of pleading guilty and intelligently made the choice to plead guilty. Id.

At the post-conviction hearing, the petitioner admitted that he had previously pleaded guilty to five separate felony charges. Moreover, trial counsel testified at the post-conviction hearing that the petitioner seemed to understand the plea process much better than his other clients. The petitioner knew about the State's evidence against him and the possible defenses that he could raise at trial. The trial court and the petitioner's trial counsel informed the petitioner about his constitutional rights. Nonetheless, the petitioner chose to enter a best interest guilty plea to attempt to sell cocaine. Furthermore, the petitioner's statement "ain't nothing I can do about it" may mean that, given the State's evidence against him and the undesirability of going to trial, the only intelligent choice was to enter a best interest guilty plea. See Hicks, 983 S.W.2d at 248. The petitioner has failed to establish by clear and convincing evidence that his guilty pleas were not knowing and voluntary. This issue is without merit.

### III. Conclusion
Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-6-