IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 2000 Session

## JOHN PENLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No.     C42,526     Phyllis H. Miller, Judge**

---

**No. E2000-00154-CCA-R3-CD**
**October 6, 2000**

---

The Defendant filed for post-conviction relief, alleging that his guilty plea to drug-related charges (1) was not knowingly and voluntarily entered; (2) was the result of ineffective assistance of counsel; and (3) was contaminated by illegal evidence. After a hearing, the trial court denied relief, and the Defendant appeals as of right. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Richard A. Tate, Assistant Public Defender, Blountville, Tennessee, for the appellant, John Penley.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Greeley Wells, District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant entered "best interest" guilty pleas[1] to multiple counts of drug-related offenses. The charges were contained in three separate cases, numbers 41,425; 41,426; and 41,532. Within one year of his pleas, he filed for post-conviction relief from the convictions stemming from the charges contained in case number 41,532. He alleged that he never intended to plead guilty to these charges; that his guilty plea was the result of ineffective assistance of counsel; and that his plea

---

[1] See North Carolina v. Alford, 400 U.S. 25 (1970). Under Alford, a defendant may plead guilty even while protesting his or her innocence if he or she intelligently concludes that a guilty plea is in his or her best interest, and the record contains strong evidence of actual guilt. See also Dortch v. State, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985) (recognizing the validity of an Alford or "best interests" plea).

must be set aside as having not been entered knowingly and voluntarily. The Defendant further alleged that the evidence which the State intended to rely upon in case number 41,532 was "illegal." After an evidentiary hearing, the trial court denied relief, finding that the Defendant failed to prove his allegations by clear and convincing evidence. It is from the judgment of the trial court denying post-conviction relief that the Defendant appeals.

FACTS

The Defendant testified that he met with his lawyer several times and spoke with him over the phone several times before his trial date. His lawyer explained to him that he was facing a sentence of over one hundred (100) years if he went to trial. The State offered to plea bargain the three cases in exchange for an effective forty (40) year sentence, and the Defendant admitted that he told his lawyer that he wanted to take the State's sentencing offer. The Defendant testified that he told his lawyer he wanted to plead guilty to two of the cases, but that he did not want to plead guilty to case number 41,532 "because I didn't do it." He admitted that he signed a guilty plea in case number 41,532, but claimed he didn't realize that he was pleading guilty to those charges. The Defendant further admitted that during his plea hearing, he understood the significance of his Alford plea: that he was pleading guilty to serve his best interest, not because he was admitting that he had actually committed the crimes charged. Additionally, the Defendant did not deny that the prosecuting attorney described during the plea hearing the evidence in support of the charges contained in case number 41,532.

The transcript of the Defendant's plea hearing was admitted into evidence, and it reflects that the Defendant acknowledged going over the plea documents with his lawyer; that he told the trial court he understood them; and that he signed them. The transcript also reflects that the trial court explained the offenses to which the Defendant was pleading guilty in each case and that the Defendant stated that he understood what he was pleading guilty to in case number 41,532. The Defendant further stated during the plea hearing that he was satisfied with his lawyer's representation.

The Defendant also alleged in his petition that the evidence the State intended to use against him in case number 41,532 was "illegal." The State's proof was based on information it obtained from an informant named Guy Michael Sams. At his post-conviction hearing, the Defendant called a witness named Guy Michael Sams who testified that he had never purchased any drugs from the Defendant and had never worked for the police department as an informant. Sams also explained that there were two other men by the same name (one of whom had since died).

At the conclusion of the evidentiary hearing, the trial judge stated her findings and conclusions on the record. She subsequently entered an order setting forth her findings of fact and her conclusions of law concerning the Defendant's asserted grounds for relief. The trial judge found that the Defendant "entered his Alford plea of guilty in Case No. S41,532 knowingly, intelligently and voluntarily based on the totality of the circumstances." The trial judge further found that the Defendant had not proven by clear and convincing evidence that he had received ineffective

assistance of counsel. Finally, the judge found that Sams was not a credible witness and that no "illegal evidence" had been admitted during Defendant's guilty plea hearing.

## ANALYSIS

To obtain relief upon a post-conviction petition, a defendant must prove his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The trial court's findings of fact on a petition for post-conviction relief are "conclusive on appeal unless the evidence in the record preponderates against those findings." Momon v. State, 18 S.W.3d 152, 156 (Tenn. 2000); Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). We will not reweigh the evidence, and we give deference to the trial court on questions concerning the credibility of the witnesses and the weight and value accorded their testimony. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997).

The evidence in the record before us does not preponderate against the trial court's findings of fact. We agree that the Defendant did not prove his allegations by clear and convincing evidence and that he is therefore not entitled to post-conviction relief. The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE