# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 3, 2011

## STATE OF TENNESSEE v. ALONZO THOMAS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 10-01327     John T. Fowlkes, Jr., Judge**

---

**No. W2010-01988-CCA-R3-CD  - Filed July 18, 2011**

---

The appellant, Alonzo Thomas, pled guilty to attempted aggravated sexual battery and was sentenced to four years and six months in the Tennessee Department of Correction.  On appeal, the appellant challenges the trial court's denial of probation.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined.  DAVID H. WELLES, J., not participating.

Carlyn Addison (at trial) and Harry E. Sayle, III (on appeal), Memphis, Tennessee, for the appellant, Alonzo Thomas.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich; District Attorney General; and Steve Bearup and Carrie Shelton, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## I.  Factual Background

The appellant was originally indicted for aggravated sexual battery, a Class B felony. Subsequently, on June 18, 2010, the appellant entered a best interest guilty plea to the lesser-included offense of attempted aggravated sexual battery, a Class C felony.[1]  At the guilty plea

---

[1]  An accused who wishes to plead guilty yet assert his innocence may enter what is known as a "best interest" guilty plea.  See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970).  A trial court may accept such
(continued...)

hearing, the State recited the following factual basis for the plea:

> [O]n or about October the 4[th] of 2009, officers responded to a criminal assault that happened here in Shelby County, Tennessee. They spoke with the complainant who advised that the victim, who was five, told the complainant that while she was sleeping the [appellant] came into her room where she was sleeping and touched her, as the child says pee pee, over her shorts. The victim then woke up an 11 year old cousin, told her what happened, and then they went into another room where other adults were summoned.

The plea agreement provided that the appellant would be sentenced as a standard, Range I offender to four years and six months, with the manner of service to be determined by the trial court.

At the sentencing hearing, the State submitted the appellant's presentence report and psychosexual evaluation report. The victim's mother testified that on the night of the offense, the victim stayed with her cousin's daughter, Keisha. The appellant was Keisha's roommate. The next morning, the victim's mother learned of the allegations and called the police. While awaiting the police, the appellant told the victim's mother that he had done nothing to her daughter. The victim was scared and crying. She told her mother that the appellant had been "touching on her."

The victim's mother said the victim no longer wanted to stay with anyone except her mother and grandmother. She said the victim would not stay overnight at her father's house unless he stayed in the room with her. The victim's mother said the victim cried a lot and feared that someone would "mess with" her while she slept. She said the victim was "traumatized" and needed counseling. The victim's mother said the victim used to "speak to anybody," but, after the offense, she disliked strangers.

The trial court noted that the appellant's work history of mainly "[m]inimum wage type jobs" was "okay." The court observed that the appellant had a lengthy criminal history, consisting of convictions of theft, driving on a revoked license, driving under the influence, assault, vandalism, domestic violence, and traffic offenses. The court also considered that the appellant had been on probation twice and that his probation had been revoked. The

---

[1](...continued)
a plea if the court is satisfied that there is a factual basis for the plea. See Dortch v. State, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985).

court stated that the appellant was "not a good risk, as far as probation is concerned" and that he would likely commit another offense. The court opined that the appellant's likelihood of rehabilitation was "extremely low. . . . Primarily because he doesn't admit any wrongdoing." The trial court stated that based upon all these considerations, alternative sentencing was not appropriate. On appeal, the appellant contests this ruling.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's sentence meets this requirement. Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently
or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is considered unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

In the instant case, the appellant was a standard, Range I offender convicted of a Class C felony. Therefore, he was considered a suitable candidate for alternative sentencing. The appellant complains that the trial court held his best interest plea against him, finding that his failure to admit guilt reflected poorly upon his potential for rehabilitation. The appellant's best interest, or Alford, plea allowed him to plead guilty while asserting his innocence. See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970). The record reflects that the court found that the appellant was a poor candidate for rehabilitation because he refused to admit wrongdoing. Failure to accept responsibility is a germane consideration for determining rehabilitative potential. Zeolia, 928 S.W.2d at 463. This court has previously "held that an Alford plea does not prohibit a trial court from considering a defendant's failure to accept responsibility for his criminal conduct as it relates to his rehabilitation potential." State v. Jerry Allen Ketchum, No. E2001-02008-CCA-R3-CD, 2002 WL 1008218, at *5 (Tenn. Crim. App. at Knoxville, May 17, 2002); see also State v. Homer L. Evans, No. E2000-00069-CCA-R3-CD, 2001 WL 274069, at *5 (Tenn. Crim. App. at Knoxville, Mar. 20, 2001).

Moreover, the trial court also based its denial of probation upon the appellant's lengthy criminal history and his two, prior, unsuccessful attempts at probation. The appellant's extensive criminal history and past failures at probation are sufficient to support the trial court's denial of probation.

### III.  Conclusion

In sum, we conclude that the trial court did not err in denying the appellant probation. Therefore, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE