IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 27, 2013

## CHARLES T. HARTLEY v. ARVIL CHAPMAN, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 15162      Robert L. Jones, Judge**

**No. M2012-01034-CCA-R3-HC      Filed 05/03/2013**

The petitioner, Charles T. Hartley, filed a petition for a writ of habeas corpus in the Wayne County Circuit Court, alleging that his sentence for attempted aggravated sexual battery was illegal because the judgment of conviction reflected that, as a child predator and a violent offender, he must serve one hundred percent of the sentence in confinement. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Charles T. Hartley, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Leslie E. Price, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that the petitioner was initially indicted for rape of a child, a Class A felony. On August 21, 2008, the petitioner entered a best interest guilty plea[1] to the lesser-included offense of attempted aggravated sexual battery, a Class C felony. The plea

---

[1]An accused who wishes to plead guilty yet assert his innocence may enter what is known as a "best interest" guilty plea. See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970). A trial court may accept such a plea if the court is satisfied that there is a factual basis for the plea. See Dortch v. State, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985).

agreement reflects that the petitioner "will receive a Range II 10-year sentence in the state penitentiary as a multiple offender . . . ; sentence to be suspended on jail time equivalent to time served and [the petitioner] placed on supervised probation." Also on August 21, 2008, the petitioner and the State filed a "Waiver of Sentencing Pursuant to Tenn. R. Cr[im]. P. 11(e)(1)(C)," which reiterated that the petitioner would be sentenced as a Range II, multiple offender to ten years, which would "be suspended on jail time equivalent to time served and [the petitioner] placed on supervised probation."

On August 21, 2008, the original judgment of conviction was entered. The judgment reflected that the petitioner's sentence was ten years. A box was checked to reflect that the petitioner was a multiple offender, and another box was checked to indicate that the petitioner was a child predator who was required to serve one hundred percent of his sentence in confinement. On August 22, 2008, a corrected judgment was entered to correct the petitioner's date of birth and to correct the statute which the petitioner was convicted of violating. On July 26, 2011, another amended judgment of conviction was entered, reflecting that "[t]his cause came to be heard on July 8, 2011[,] on a violation of probation warrant. After hearing[,] it is ordered that [the petitioner's] probation is revoked and [the petitioner] will serve his sentence." On the amended judgment, a box was checked to indicate that the appellant was a multiple offender, that he was a violent offender required to serve one hundred percent of his sentence in confinement, and that he was a child predator required to serve one hundred percent of his sentence in confinement.

On January 19, 2012, the petitioner filed a pro se petition for a writ of habeas corpus, alleging that his sentence was illegal and his judgment of conviction was void. He stated that he pled "to 10 years at 100% and was to be eligible for parol[e] after serving 35% of his 10 year sentence. This was suspended on probation." The petitioner maintained that after his probation was revoked and he was ordered to serve his sentence in confinement, he "found out that he would not be eligible for parole[] and would be required to serve his entire sentence." He said that after researching, he learned that his conviction for attempted aggravated sexual battery did not mandate that he be classified as a child predator and a violent offender required to serve one hundred percent of his sentence in confinement.

In response, the State filed a motion to dismiss the habeas corpus petition. The State acknowledged that attempted aggravated sexual battery was not among the enumerated offenses requiring service of one hundred percent of the sentence in confinement. However, the State argued that "offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations."

The petitioner filed a motion, opposing the State's motion to dismiss, again asserting that his sentence was illegal.

On April 2, 2012, the habeas corpus court filed an order disposing of the foregoing motions. In the order, the court stated that "[b]ecause of factual issues about whether the Petitioner was correctly determined to be a child predator," it had ordered the Anderson County Clerk to provide copies of the plea documents and judgments. After reviewing the documents, the court determined that attempted aggravated sexual battery was not a predatory offense requiring service of one hundred percent of the sentence in confinement. The court found that the plea agreement and the sentencing waiver reflected that the petitioner had agreed to be sentenced as a multiple, Range II offender to ten years. The court also found that the child predator and violent offender "release eligibility designation[s] on the judgment[ are] at variance with the written plea agreement." Therefore, the trial court ordered the case to be transferred to the convicting court for entry of a corrected judgment to comply with the plea agreement.

On April 25, 2012, the habeas corpus court entered an order, noting that a corrected judgment was entered by the convicting court on April 17, 2012, which was in conformity with the plea agreement and the sentencing laws. Accordingly, the habeas corpus court dismissed the petition.

On appeal, the petitioner challenges the habeas corpus court's ruling. Specifically, the petitioner maintains that the court should have vacated the conviction and allowed him to engage in plea negotiations or proceed to trial instead of correcting the judgment. The petitioner further maintains that release eligibility was a material element of his plea agreement; therefore, the plea agreement was invalid.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Therefore, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A

void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

In his petition, the petitioner maintained that neither Tennessee Code Annotated section 40-35-501(i) or section 39-13-523 mandate that he serve one hundred percent of his sentence in confinement. On appeal, the petitioner contends that the habeas corpus court erred by correcting the judgment. He contends that the habeas corpus court should have ruled that the sentence was illegal, vacated the sentence, and allowed him to engage in plea negotiations or proceed to trial. The petitioner also contends that the provision requiring service of one hundred percent of the sentence in confinement was a material element of the guilty plea agreement.

The petitioner asserts that his conviction of attempted aggravated sexual battery does not mandate that he be classified as a violent offender, see Tenn. Code Ann. § 40-35-501(i)(1) and (2), or a child predator, see Tenn. Code Ann. § 39-13-523(a)(4), and therefore he was not statutorily required to serve one hundred percent of his sentence in confinement. The State agrees. In deciding whether an illegal sentence renders a guilty plea and resulting conviction invalid, "the determinative issue is whether the plea agreement included an illegal sentence as a material element." Summers, 212 S.W.3d at 259. If the illegal provision of the sentence was not a material element of the plea, then "the illegality infects only the sentence, only the sentence is rendered void and habeas corpus relief may be granted to the extent of the sentence only. In such cases, the underlying conviction remains intact," and the appropriate remedy is a remand for correction of the sentence. Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006).

The habeas corpus court found that the plea agreement and the sentencing waiver provide that the petitioner was to be sentenced as a Range II, multiple offender and that the documents do not mention service of one hundred percent of the sentence in confinement. The court implicitly found that the release eligibility of one hundred percent was not a material element of the plea agreement. Instead, the habeas corpus court held that the classification of the petitioner as a violent offender and a child predator on the judgment of conviction was merely a clerical error. We agree.

Tennessee Rule of Criminal Procedure 36 provides that clerical errors may be corrected at any time and do not void a judgment. This court has stated:

In making changes for clerical error, the record in the case must

show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered.

State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. at Knoxville, Nov. 15, 1995). We conclude that the habeas corpus court did not err by ordering the trial court to enter a corrected judgment. Moreover, the record reflects that the judgment of conviction has been corrected. The petitioner received a limited form of habeas corpus relief and is entitled to no further relief.

### III. Conclusion

In sum, we conclude that the habeas corpus court correctly found that the petitioner's judgment of conviction contained clerical errors, which were subject to correction. We further conclude that the habeas corpus court correctly held that the petitioner was not entitled to habeas corpus relief. Accordingly, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE